UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12071-RWZ

VIKI CARRIERI

v.

LIBERTY LIFE INSURANCE COMPANY, *et al.*

ORDER

August 26, 2011

ZOBEL, D.J.

Plaintiff Viki Carrieri and third-party defendants Kathryn Tafaro Platt, her son Joseph William Tafaro, III, and her daughter Mary Rebecca Tafaro dispute who is entitled to the proceeds of a life insurance policy issued by defendant Liberty Life Insurance Company to Joseph Tafaro ("Tafaro"), now deceased. Now pending are Carrieri's and third-party defendants' cross motions for summary judgment. Liberty Life was dismissed from this action after depositing the policy proceeds with the clerk of the court. Docket Entries 09/09/2010, 09/20/2010.

**I.  Background**

Joseph Tafaro was the husband of Kathryn Platt and the father of Joseph William and Mary Rebecca. The family resided in New Jersey throughout the marriage, which ended in divorce in July of 1999. A property settlement and support agreement incorporated into the judgment of divorce required Tafaro to maintain a $500,000 life insurance policy designating an educational trust for his two children as the beneficiary.

Docket # 29, Ex. A. He did not do so.

In 2005 Tafaro began a personal relationship with Carrieri, who resided in Massachusetts. According to her, in 2006 he suffered some financial setbacks and asked to borrow money. He promised to repay her, and that he would both issue a promissory note for the money he borrowed and would obtain a life insurance policy naming her as the beneficiary in an amount sufficient to cover the loan with interest. Carrieri Affidavit, Docket # 29 Ex. B. What is not in dispute is that Tafaro borrowed $106,495 from Carrieri in three installments: $21,495 on September 26, 2006, $60,000 on October 3, 2006, and $25,000 on March 28, 2007. On October 2, 2006, he gave her a promissory note equal to the amount of the first two payments. On May 23, 2007, Liberty Life issued a life insurance policy to him, with a death benefit of $150,000, naming Carrieri as beneficiary. In 2008 he moved to Massachusetts and, says Carrieri, they became engaged to marry. They did not marry and Tafaro died in 2009.

Both Carrieri and the third-party defendants notified Liberty Life of their interest in the life insurance policy shortly after Tafaro's death and, because of the dispute, Liberty Life declined to pay out the death benefit. Carrieri filed suit in Commonwealth Superior Court against Liberty Life. Liberty Life removed and filed a third-party complaint against Platt and her two children.

II.  **Analysis**

Summary judgment will be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "Where the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

### A. Governing Law

The parties raise a threshold question of whether Massachusetts or New Jersey substantive law governs this dispute. As this case arises under diversity jurisdiction, I must follow Massachusetts choice-of-law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Massachusetts applies a "functional choice-of-law approach that responds to the interests of the parties, the States involved, and the interstate system as a whole." Bushkin Assocs. v. Raytheon Co., 473 N.E.2d 662, 668 (Mass. 1985). The analysis is heavily influenced by the Restatement (Second) of Conflict of Laws (1971), which takes into account both contacts with the competing states and more amorphous choice-influencing factors, and the Supreme Judicial Court explains that courts should give significant weight to the factors rather than rigidly adding contacts. Id. at 669-70.

The Restatement identifies seven principles that should guide a choice of law analysis: (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability and uniformity of result; and (7) ease in the determination and application of the law to be applied. Restatement § 6(2). The relative importance of each factors varies, and other specific considerations may apply, depending on the

3

area of law at issue, e.g., contract, tort, or property.

The protection of justified expectations and predictability of result are of paramount importance with contracts. See id. at § 6 cmts. g, I. Accordingly, the law of the state chosen by the parties governs, even where the substantive issue in dispute is one which the contracting parties could not have resolved, unless their choice lacks a reasonable basis or the outcome would be contrary to the policy of a state with a greater interest that would otherwise supply the governing law. Id. at § 187(2). Absent an express choice of law, a life insurance policy is governed by the law of the state where the insured was domiciled when the contract was applied for unless another state has a more significant relationship when evaluated under the seven principles of § 6. Id. at § 192.

In this case, the facts weigh heavily in favor of New Jersey. Initially, the policy contains a clause which, at a minimum, is indicative of the contracting parties' expectation as to governing law,and is arguably a choice of law clause. A "General Provision" of the policy entitled "Conformity with Law" specifies that "[i]f any part of this Policy conflicts with the law in the state where you lived at Date of Issue, the Policy is automatically changed to conform to that law." Insurance Policy 5, Docket # 29 Ex. F. At the date of issue, Tafaro lived in New Jersey. Next, the Restatement specifically identifies the state where the policy was applied for, New Jersey, as the critical contact. Carrieri cannot claim surprise that New Jersey law would apply, or assert any particular interest in the application of Massachusetts law, because she knew Joseph lived in New Jersey and, as this insurance policy was allegedly security for her loan, it would

4

have been unreasonable for her not to review the policy terms. Finally, Massachusetts has no greater interest in this dispute than New Jersey. The former is home to Carrieri while the latter is both the residence of the third-party defendants and the jurisdiction that issued the divorce judgment that Tafaro violated.

### B. Right to the Policy Proceeds

A provision in a divorce decree requiring a parent to maintain a child as a beneficiary of a life insurance policy creates an equitable assignment when the parent, instead, designates a third party as the beneficiary. Raynor v. Raynor, 726 A.2d 280, 290-91 (N.J. Super. Ct. App. Div. 1999); Della Terza v. Estate of Della Terza, 647 A.2d 180, 181 (N.J. Super. Ct. App. Div. 1994) (citing cases from the District of New Jersey and other jurisdictions). The designated beneficiary is nonetheless entitled to the proceeds of the policy if the designee gave adequate consideration, without notice of the existing equitable interest, for the right to be named beneficiary, thereby acting in good faith as a bona fide purchaser. Greenberg v. Greenberg, 71 Cal. Rptr. 38 (Cal. Ct. App. 1968); Wewahitchka State Bank v. Mason, 504 So.2d 1328 (Fla. Dist. Ct. App. 1987); Pluemer ex rel. Buggs v. Pluemer, 776 N.W.2d 261, 266-68 (Wis. Ct. App. 2009); see Flanigan v. Munson, 818 A.2d 1275, 1282 (N.J. 2003) (rejecting bona fide argument where policy premiums were paid out of decedent's income that would otherwise have been available to the household).

The third-party defendants attempt to distinguish this line of cases on the ground that the proceeds in each had already been distributed and the remedy would be a constructive trust, but the Florida case was, in fact, an interpleader action brought by

5

the insurance company and, regardless, I am not persuaded that the constructive trust distinction has significance. None of the cases identify any particular difficulty in recapturing the proceeds, or any inequitable consequence to the designated beneficiary resulting from the imposition of a trust, as an argument in favor of enforcing the terms of the life insurance policy. In contrast, the analysis is focused on the designee's bona fide status.

There remains a genuine dispute of fact as to whether Carrieri was a bona fide purchaser of the insurance proceeds. She testifies by affidavit that she was named the beneficiary in consideration for her loan to the decedent and that she had no prior knowledge of Tafaro's obligation to maintain life insurance for the benefit of his childrens' educational trust fund. The relative timing of the promissory note, the checks to Tafaro, and the issuance of the policy, is consistent with, but not indicative of, bona fide status. On this record, a reasonable jury could find for either party.

## III. Conclusion

Viki Carrieri's motion for summary judgment (Docket # 26) is DENIED. Third-party defendants' motion for summary judgment (Docket # 30) is DENIED.

|  August 26, 2011  |  /s/Rya W. Zobel  |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

6